IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**TYSON FOSHEE,** *et al,*

        **Plaintiffs,**

v.    Civil Case No. SAG-23-0894

**ASTRAZENECA PHARMACEUTICALS, LP,**

        **Defendants.**

## MEMORANDUM OPINION

Plaintiffs, a group of former employees of AstraZeneca Pharmaceuticals, LP ("AstraZeneca") sued the company on April 3, 2023, asserting several causes of action related to the cessation of their employment. ECF 1. On October 17, 2023, this Court issued a memorandum opinion and order granting AstraZeneca's motion to dismiss all of the Plaintiffs' claims pursuant to the Americans with Disabilities Act ("ADA") along with the Title VII religious discrimination claims of two of the plaintiffs, Tyson Foshee and Nicholas Pivar. ECF 45, 46. The instant motion concerns Plaintiffs' motion for leave to file an amended complaint. ECF 49. The proposed amended complaint, in relevant part, adds allegations relating to the Title VII religious discrimination claims, and it reasserts claims on behalf of Foshee and Pivar. ECF 49-1. This Court has reviewed Plaintiffs' motion, AstraZeneca's opposition, and Plaintiffs' reply. ECF 58, 59. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, the motion for leave to file this proposed amended complaint will be denied, though this Court would consider a subsequent motion to file a more limited amended complaint as described herein.

1

I.      **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

II.     **ANALYSIS**

It is useful to begin with a summary of this Court's October 17, 2023 opinion, as it pertains to the religious discrimination claims asserted by Foshee and Pivar. The original complaint referenced the contents of the Religious Reasonable Accommodation Request Forms submitted by both Foshee and Pivar, ECF 1 ¶¶ 47, 68, 70, and summarized additional information provided by Pivar in response to a follow-up request from AstraZeneca, *id.* ¶ 51. This Court carefully analyzed the information provided by Foshee and Pivar to AstraZeneca in their Religious Reasonable Accommodation Request Forms, ultimately concluding that their religious discrimination claims must be dismissed because their forms did not communicate a religious belief to AstraZeneca. ECF 45 at 7–10; ECF 27-2, 27-3.

In opposing Plaintiffs' proposed Amended Complaint, AstraZeneca does not argue prejudice or bad faith, but it argues that Plaintiffs' proposed amendment is futile to the extent that it attempts to salvage the claims that this Court has already dismissed. ECF 58. As the Fourth

Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)). This case is an example of a proposed amendment that "fails to include allegations to cure defects in the original pleading." *See Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). The "new" allegations in the proposed amended complaint essentially fall into four categories: (1) quotations from or paraphrased summaries of the religious accommodation forms, *see* ECF 49-1 ¶¶ 49–54, 68–72, (2) allegations about the sufficiency of AstraZeneca's responses to the religious accommodation forms, *see id.* ¶¶ 61, 64, 73–75, (3) conclusory references to statistical evidence without any factual support to satisfy the requirements of *Iqbal* and *Twombly, see id.* ¶ 67, and (4) summaries of court opinions or EEOC filings in other cases, *see id.* ¶¶ 84–91.[1] None of these new allegations would impact this Court's

---

[1] Unlike the original complaint, the proposed amended complaint attaches the actual submission that Pivar made in response to AstraZeneca's response for additional information. That form specifies, "Through prayer and allowing myself to be led by the Holy spirit in all facets of my life as God intends, I feel that I am being led, literally by the spirit of God, to not be given the vaccination for Covid 19 at this time. If at some point, the Lord decides that he wants me to be vaccinated then I trust the Holy Spirit will move on me and I will know he is pushing me to get it and I will obey just the same. The bottom line is, currently, I feel as though I am not supposed to be getting the vaccination due to guidance from the Holy Spirit of God." ECF 49-1 at 88. While this precise language was not before the Court at the time it issued its original opinion, it is substantially akin to the summary that had been provided in the original Complaint, ECF 1 at 51, and does not alter this Court's assessment on the merits.

analysis of the viability of Foshee's or Pivar's claims, which turned entirely on whether their Religious Reasonable Accommodation Request Forms advised AstraZeneca of bona fide religious beliefs or, as this Court found, only beliefs essentially amounting to a "blanket privilege." The new allegations in the proposed amended complaint do not change, because they cannot change, the content of the forms that Foshee and Pivar submitted. Nor do they contain other additional communications of those two former Plaintiffs' religious beliefs to AstraZeneca prior to termination. Accordingly, allowing the proposed amended complaint would be futile as to the claims asserted by Foshee and Pivar.

This Court recognizes, however, that the proposed amended complaint contains some additional factual allegations relating to the Plaintiffs whose claims survived the motion to dismiss. To the extent Plaintiffs wish to file another motion for leave to file a proposed amended complaint, excising the futile claims re-asserted on behalf of Foshee and Pivar, this Court will consider granting leave to amend the complaint in that fashion.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to file an amended complaint, ECF 49, will be DENIED. Should Plaintiffs wish to seek leave to file a more limited amended complaint as described herein, any such motion should be filed within twenty-one days of the date of this opinion. A separate order follows.

Dated:  January 2, 2024                                         /s/
                                                                                Stephanie A. Gallagher
                                                                                United States District Judge